United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANK OF NEW YORK MELLON TRUST COMPANY, N.A., as grantor,<br><br>    Plaintiff,<br><br>  v.<br><br>CARLOS LEON,<br><br>    Defendant.<br>                                    / | No. C 11-03534 WHA<br><br>**ORDER REMANDING ACTION TO STATE COURT** |

## INTRODUCTION

This is an action for unlawful detainer following a foreclosure. Plaintiff originally filed suit in Alameda County Superior Court. Defendant removed this action to federal court. Because this Court lacks subject-matter jurisdiction over this action, it is remanded to state court.

## STATEMENT

Plaintiff Bank of New York Mellon Trust Company, N.A., filed an unlawful detainer complaint against defendant Carlos Leon to obtain possession of residential real property. Plaintiff came into possession of this property through foreclosure (Dkt. No. 1-1 at 4 and 8). The complaint alleged that defendant owes plaintiff: (1) restitution of the property; (2) damages at the rate of $50 per day from July 6, 2010, for each day that defendant continued in possession of the property; and (3) costs of suit and further relief as is proper (Dkt. No. 1-1 at 5). Plaintiff also stated in the complaint that the amount demanded from defendant does not exceed $10,000 (Dkt. No. 1-1 at 3).

Plaintiff brought this action in Alameda County Superior Court against defendant on July 12, 2010 (Dkt. No 1-1 at 3). Defendant filed a notice of removal to our district court on July 18, 2011, asserting jurisdiction under 28 U.S.C. 1331. Defendant concurrently filed an application to proceed in forma pauperis.

**ANALYSIS**

A defendant may remove a civil action from state court to federal court if original jurisdiction would have existed at the time the complaint was filed. 28 U.S.C. 1441(a). The strong presumption against removal jurisdiction means that defendant bears the burden of establishing proper removal. Here, defendant has the burden of showing that the action arises from federal law pursuant to 28 U.S.C. 1331. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Remand is appropriate here. A state-law claim for unlawful detainer does not arise from federal law. Furthermore, even if defendant had asserted jurisdiction under 28 U.S.C. 1332, the amount in controversy claimed by plaintiff is, at most, $10,000, which is far below the amount-in-controversy threshold for diversity jurisdiction. Defendant has failed to meet the requirements of subject-matter jurisdiction in federal court.

**CONCLUSION**

For the foregoing reasons, the Clerk shall remand this action to the Superior Court of California, County of Alameda. Defendant's application to proceed in forma pauperis is **DENIED AS MOOT**. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: July 22, 2011.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE

2